Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7549 | **DATE** | 6/25/2004 |
| **CASE TITLE** | Tibco Software, Inc. vs. James Joseph Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff should be granted damages in the amount of $524,974.61 plus $187.14 per day for every day since April 16, 2004 is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 8 2004 date docketed | 66 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK  2004 JUN 25 PM 4:08 | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 6/25/2004 date mailed notice | |
| | IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| TIBCO SOFTWARE, INC., | ) |
| | ) Case No. 03 C 7549 |
| Plaintiff, | ) |
| | ) Judge Suzanne B. Conlon |
| v. | ) |
| | ) Magistrate Judge |
| JAMES JOSEPH CO., | ) Martin C. Ashman |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the Court to make a determination on Plaintiff TIBCO Software, Inc.'s submission in support of its damages. This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation. For the reasons set forth below, the Court finds that Plaintiff should be granted damages in the amount of $524,974.61 plus $187.14 per day for every day since April 16, 2004.

Plaintiff filed this collection action against Defendant The James Joseph Company. The Honorable Suzanne Conlon granted Plaintiff's motion for judgment of default, rendering Defendant's motion for leave to answer and file a counterclaim moot. The question of the amount of judgment for Plaintiff remains.

On July 10, 2002, Plaintiff and Defendant entered into a written Consulting Services Agreement (the "Agreement"). Under the terms of the Agreement, Plaintiff agreed to provide consulting services and technical support to Defendant. The parties further entered into a series of written agreements through work orders. Over the course of time, Plaintiff sent Defendant

invoices for work performed, many of which remain unpaid or were paid late. The amount due on the invoices is $379,602.71.

Pursuant to section 2 of the Agreement, Plaintiff is also entitled to a service charge of one and one-half percent per month on all invoices paid late. As of April 16, 2004, this amount totaled $81,456.48. The parties have agreed that a daily rate of $187.14 as a service charge for all days going forward from April 16, 2004 should apply.

Additionally, Plaintiff may collect "all reasonable costs (including reasonable attorneys' fees) incurred in collecting past due amounts under [the] Agreement," pursuant to section 8 of the Agreement. Plaintiff seeks $63,915.42 in attorneys' fees and costs. The parties have conferred regarding this amount pursuant to Local Rule 54.3 and have agreed that this is a reasonable amount, should attorneys' fees be granted.

Defendant does not dispute the figures as calculated by Plaintiff or the proof of these amounts. Rather, it claims that the amount it owes should be off-set by commissions owed by Plaintiff pursuant to a "companion agreement" entitled the Non-Exclusive Joint Marketing Agreement. It also argues that the amount it owes should be further reduced by amounts for sales made by Plaintiff to Defendant's customer, Appleton Paper. The Court finds that because Defendant did not (and is not able to) file a counterclaim due to Judge Conlon's ruling granting the motion for a default judgment, the amount it owes Plaintiff cannot be reduced by these amounts.

Defendant also argues that the Agreement is unclear as to attorneys' fees, because it states that "Licensee agrees to pay" as opposed to "Client agrees to pay" where Defendant is defined as the Client. However, the Court agrees with Plaintiff that because the parties to this litigation are

the only parties to the Agreement, it is clear that the use of the word "Licensee" was a mere oversight or typographical error. "Licensee" must refer to either Plaintiff or Defendant, and because it is only possible for Defendant to owe Plaintiff money for services performed due to the nature of the Agreement, Plaintiff would be the only party that would incur expenses in collecting past due amounts. It is clear from the Agreement as a whole that "Licensee" was a typographical error, and the provision should not be invalidated due to such an error. Defendant must pay costs and attorneys' fees to Plaintiff.

Therefore, Plaintiff's submissions support a finding that Defendant owes $379,602.71 for work performed; $81,456.48 for services charges through April 16, 2004; $63,915.42 for attorneys' fees and costs; and a continuing daily service charge fee for every day after April 16, 2004.

For these reasons, the Court finds that Plaintiff's submissions support its claim for damages in the amount of $524,974.61 plus $187.14 per day for every day since April 16, 2004 and including every day until a final judgment is entered in this matter, and recommends that judgment be entered in favor of Plaintiff in such amount.

<br>

                                                                 **MARTIN C. ASHMAN**
Dated: June 25, 2004.                                          United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Suzanne B. Conlon within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| CHARLES P. SCHULMAN, Esq. | DONALD W. DEVITT, Esq. |
| MICHAEL S. LEIB, Esq. | WILLIAM D. BREJCHA, Esq. |
| Sachnoff & Weaver, Ltd. | JEFFREY TABARES, Esq. |
| 30 South Wacker Drive | Scopelitis Garvin Light & Hanson, P.C. |
| Chicago, IL 60606 | 30 West Monroe Street |
| | Suite 600 |
| | Chicago, IL 60603 |
| Attorneys for Plaintiff | Attorneys for Defendant |